UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUSTINE MODESTY, et al. | ) | CASE NO. 1:08 CV 3020 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 29, 2008, pro se plaintiffs Justine Modesty and her son Lyle Modesty filed the above-captioned action under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 against the City of Cleveland Law Department, former Ohio Attorney General Mark Dann, Cleveland City Law Director Robert Triozzi, South Pointe Hospital, Dr. Gary Wilkes, Shatima Harris-Cole, John Doe Supervisor of Ms. Harris-Cole, Willow Park Nursing & Rehabilitation Center, the Cleveland Police Department, John Doe Cleveland Police Officers, the Cleveland Police Department Jane Doe Police Officer and Greg Thomas. In the complaint, plaintiffs allege Mrs. Modesty was committed to a psychiatric hospital and Mr. Modesty was arrested without just cause. Plaintiffs filed an Amended Complaint on January 13, 2008 which is identical to the original complaint in all material respects. They seek monetary and injunctive relief.

Plaintiffs also filed an Application to Proceed In Forma Pauperis. That Application is granted.

Lyle Modesty filed a Motion for Substitution of Parties [ECF #5] on February 9, 2009. He informed the court of his mother's death on January 4, 2009 and asked to be permitted as her closest living relative to litigate her claims on her behalf.

## Background

The Plaintiffs contend that an inadvertent call to emergency services resulted in the arrest of Mr. Modesty and the involuntary commitment of Ms. Modesty to a psychiatric facility. Plaintiff states that Justine Modesty erroneously dialed 911 when she intended to telephone a friend on December 29, 2006. After apologizing for the wrong number, she hung up on the 911 operator. Cleveland police were dispatched to the residence where the call was made. They claim the officers pounded on the window and demanded that Mr. Modesty let them in. Mr. Modesty denied them entrance and when the officers asked to see Justine Modesty, he told the officers his mother had just been released from the hospital and it would take at least a half an hour for her to come to the door. He asked to see a warrant. Mr. Modesty claims one of the officers returned to his car and removed a shot gun. In the interim, Mr. Modesty went to his mother's room where she was attempting to convey to the operator that no emergency situation existed. When those efforts proved to be fruitless, Mr. Modesty returned to the front door where he encountered the officers now brandishing weapons. He assessed the situation and decided to comply with the officers' request. He was immediately handcuffed and placed in the back of the patrol car. A gurney was brought up the stairs and Ms. Modesty was told to sit on it to rest and talk to the officers. Plaintiffs claim Ms. Modesty

2

was then forced onto the gurney and placed in an awaiting ambulance.

Once the plaintiffs were removed from the residence, the officers allegedly searched the home. The plaintiffs do not indicate what items were removed from the home; however, they were apparently the subject a Motion to Suppress filed in a criminal action against Mr. Modesty in the Cleveland Municipal Court and were used to support an incompetency action for Ms. Modesty in probate court.

The plaintiffs also do not disclose the nature of the criminal charges against Mr. Modesty. He claims he was arrested at St. Vincent Charity Hospital where shackles were added to his feet. He was held in the Cleveland city jail for 8 days. He contends he was forced to wear a paper jumpsuit which was too small and failed to provide adequate coverage of his body. He was not permitted to make a phone call for two days and was not allowed visitors for the entire period of his confinement. He claims the Motion to Suppress was granted and several months later, the charges were dismissed.

Ms. Modesty was the subject of a Guardianship action in the Cuyahoga County Probate Court. She was initially taken to South Pointe Hospital where she was examined by Dr. Wilkes. His testimony, along with the testimony of Shatima Cole-Harris, was used to support the application to have Ms. Modesty declared to be incompetent. A petition for emergency protective services was also filed by the County. Ms. Modesty was transferred to the Willow Park Nursing and Rehabilitation Center. She claims she was diagnosed as having dementia and was given medication. The guardianship application was withdrawn on August 13, 2007.

The plaintiffs assert the defendants' actions deprived them of their constitutional

3

rights and caused them monetary damage. They claim they had several lawsuits pending at the time which rendered unfavorable results during their confinement. One of their homes was torn down when their appeal of a housing court judgment was not successful. Another property was the subject of a foreclosure action and a creditor attached $3,800 in Ms. Modesty's bank account causing checks to be returned for insufficient funds. Plaintiffs assert they were denied substantive and procedural due process, and were subjected to a search of their home in violation of the Fourth Amendment rights. They also assert claims for conspiracy to deprive them of federally protected rights, and state law claims of false arrest, invasion of privacy, and trespass. They seek monetary and injunctive relief.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

---

[1]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

## Substitution of Parties

Although Lyle Modesty has asked to be permitted to proceed with his mother's claims in the wake of her death on January 4, 2009, he cannot litigate claims on her behalf. Civil rights claims are personal to the injured party. Shepard v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003). Mr. Modesty lacks standing to assert violations of his mother's constitutional rights. See id. In addition, he cannot assert claims on behalf of his mother's estate. He does not claim to be the executor or administrator of her estate. Only the executor or administrator has standing to raise claims for a decedent.

Moreover, even if he is the executor of her estate, Mr. Modesty could not proceed pro se on behalf of the estate if the estate has other beneficiaries or creditors. Id. Title 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." That statute does not permit plaintiffs to appear pro se where interests other than their own are at stake. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause.") There is no suggestion in the Motion that Mr. Modesty is the only beneficiary and the only creditor of Justine Modesty's estate. He therefore cannot litigate her claims on behalf of her estate. The court will consider only those claims which pertain to Mr. Modesty.

Five of the defendants must be dismissed from this action because the claims against them pertain only to Justine Modesty. Ms. Modesty alleged South Pointe Hospital, Dr. Wilkes, Shatima Harris-Cole, John Doe Supervisor of Ms. Harris-Cole, and the Willow Park Nursing and Rehabilitation Center were responsible for keeping her involuntarily committed for psychiatric

services. Because only Mr. Modesty's claims are before the court at this time, these defendants are dismissed from this action.

## 42 U.S.C. § 1983

Mr. Modesty asserts claims against several defendants who are not proper parties to this action. The City of Cleveland Law Department and the Cleveland Police Department are not sui juris and therefore cannot sue or be sued. See Nieves v. City of Cleveland, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); Jones v. Ptl. D. Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987). See also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. Id. The claims against these defendants are therefore properly construed as asserted against the City of Cleveland.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Cleveland which may have resulted in the deprivation of a federally protected right of the plaintiff.

6

Similarly, plaintiff alleges that Cleveland Law Director Robert Triozzi "failed to supervise his department... ."(Am. Compl. at 6.) Respondeat superior is not a proper basis for liability under § 1983. Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir.2003); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984). Liability of supervisors cannot be based solely on the right to control employees, Bellamy, 729 F.2d at 421, or "simple awareness of employees' misconduct," Leary, 349 F.3d at 903; Bellamy, 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999) (quoting Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (quoting Hays, 668 F.2d at 874). There are no allegations in the pleadings that suggest Mr. Triozzi engaged in specific conduct or in any way encouraged the actions of the police officers.

Former Ohio Attorney General Mark Dann is immune from damages. There are no allegations against Mr. Dann in the complaint. It is therefore apparent that he is sued in his official capacity. A suit against a public servant in his official capacity imposes liability on the office he represents. Brandon v. Holt, 469 U.S. 464, 471 (1985). Because the entity represented by Mr. Dann is an arm of the state, the Eleventh Amendment bars suits for damages against him. Moreover, to establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that the conduct in question was committed by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527,

7

535 (1981). States and their subdivisions are not "persons" for the purposes of §1983 litigation.
Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Whittington v. Milby, 928 F.2d 188,
193 (6th Cir. 1991); Fennell v. Simmons, No. 97-3633, 1998 WL 552830 (6th Cir. Aug. 13, 1998).

There are no allegations against Greg Thomas. Plaintiff cannot establish the liability
of any defendant absent a clear showing that the defendant was personally involved in the activities
which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371
(1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The
complaint simply contains no facts which reasonably associate these defendants to any of the claims
set forth in the amended complaint.

Finally, this suit is barred by the doctrine of res judicata. Justine Modesty and Lyle
Modesty filed suit against these same defendants in the Cuyahoga County Court of Common Pleas
on December 31, 2007. That case, No. CV-07-645846, was assigned to Judge David T. Matia
Summary Judgement was granted in favor of the defendants on August 11, 2008. A federal court
must give a state court judgment the same preclusive effect it would have in the courts of the
rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir.
2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which
were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53
Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground
for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this
doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple
litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). The Ohio

8

courts have already determined that plaintiff's claims against these defendants are without merit. This court is bound to give full faith and credit to the decisions of that court.

**42 U.S.C. § 1981**

Mr. Modesty also fails to state a cause of action under 42 U.S.C. §1981. To establish a claim under that statute, plaintiff must allege that he is a member of a racial minority, the defendants intended to discriminate against him on the basis of his race, and the discrimination concerned one or more of the activities enumerated in the statute. Johnson v. Harrell, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996). The amended complaint gives no indication that plaintiff is a member of a racial minority or that any of the defendants intended to discriminate against him on the basis of his race. His requests for relief under this statute must therefore be denied.

**42 U.S.C. §§ 1985, 1986**

To state a claim for conspiracy to deprive a person of equal protection under the law pursuant to 42 U.S.C. § 1985 , a plaintiff must allege facts to establish a conspiracy of two or more persons with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws committed an act in furtherance of the conspiracy, and caused injury to the person or property of plaintiff or deprivation of any right or privilege of a citizen of the United States. Vakilian v. Shaw, 335 F.3d 509, 518 (6th Cir.2003) (citing *789 United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983)). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." Id. (citing Newell v. Brown, 981 F.2d 880, 886 (6th Cir.1992)). A plaintiff fails to state an adequate claim if his

9

allegations are premised upon mere conclusions and opinions. <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir.1987). A plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. <u>McDowell v. Jones</u>, 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Mr. Modesty failed to properly allege a conspiracy claim pursuant to § 1985. He makes only conclusory allegations that the defendants acted in concert and does not allege facts to suggest the purpose of the conspiracy was class-based discrimination. Absent these allegations, Mr. Modesty has not stated a claim for relief under 42 U.S.C. § 1985.

Because Mr. Modesty failed to state a claim under § 1985, his claims for relief under § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

### State Law Claims

Mr. Modesty's claims of false arrest, false imprisonment, invasion of privacy, and trespass are all matters of state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. <u>Id.</u> at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be

10

dismissed. Id. Having dismissed plaintiff's federal law claims, this court declines jurisdiction to hear plaintiff's state law claims.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 19, 2009

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

11